## Milo Landon et al. v. John N. English, Adm., et al.

1. SURETIES—*Release of, by Extension of Time of Payment.*—In order to effect a release of a surety on a promissory note it must be shown that the principal maker and the payee agreed that the time of payment should be extended to a definite time beyond maturity, and that the agreement was such as would preclude a suit before that time.

2. SAME—*Extension of Note Without Consent of—Evidence Held Sufficient.*—In a suit on a promissory note the court discusses the evidence tending to show that an extension of the note was without the knowledge or consent of sureties, and concludes that the proof on that point was as fully made as the circumstance would permit, and was sufficient to support a finding that the extension was made without their knowledge or consent.

**Injunction,** to restrain a suit on a promissory note. Appeal from the Circuit Court of Jersey County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded, with directions. Opinion filed June 3, 1898.

### STATEMENT OF THE CASE.

On the 6th of September, 1884, William F. Sandidge borrowed of Jonathan E. Cooper three hundred dollars and delivered to him a promissory note, with Milo Landon and

William Sinclair as sureties, due in one year, with interest at the rate of eight per cent per annum.

When the note matured Sandidge paid the interest and so continued to pay it annually for eight years, but paid none of the principal.

In October, 1895, Cooper died and John W. English was appointed his administrator with the will annexed. In January, 1897, he brought suit on the note against the three makers. Thereupon Landon and Sinclair filed a bill in chancery to enjoin any further prosecution of the suit against them upon the ground that they were released from. liability as sureties for Sandidge by reason of Cooper extending time of payment of the note without their knowledge or consent. A temporary injunction was granted staying further proceedings in the suit at law.

Upon a final hearing the court found against the complainants, dismissed the bill, dissolved the temporary injunction, and upon suggestion of damages, taxed an attorney fee of fifty dollars against the complainants.

THOS. F. FERNS and ED. J. VAUGAN, attorneys for appellants.

If, by a valid and binding agreement between the creditor and the principal maker of a note, the time of payment is extended for a definite period without the consent of the surety, the surety is discharged. 2 Brandt on Suretyship, 2d Ed., Sec. 342; First Nat. Bank v. Pierce, 99 Ill. 272; Dodgson v. Henderson, 113 Ill. 360; Price v. Dime Savings Bank, 124 Ill. 317; Home Nat. Bank v. Estate of Waterman, 134 Ill. 461.

If, after a debt bearing interest becomes due, the creditor agrees to extend the time of payment for a definite period, and the principal agrees to pay even the same rate of interest the debt would otherwise bear for that time, the surety is thereby discharged. Dodgson v. Henderson, 113 Ill. 360; 1 Beach on Con., Sec. 172 and notes; Reynolds v. Barnard, 36 Ill. App. 218.

Any material alteration of the contract or the substitu-

tion of a new contract, without the consent of the surety, will discharge him. 2 Brandt on Suretyship (2d Ed.) Sec. 378; Davis v. People, 1 Gilm. 409; White v. Walker, 31 Ill. 422; People, for use, etc., v. Seelye, 146 Ill. 189.

Nor does it matter that the alteration is of a trivial character or even for the benefit of the surety. 2 Brandt on Suretyship (2d Ed.) Sec. 388 and notes 1, 2 and 3; 2 High on Inj. (3d Ed.) Sec. 1376; Ryan v. Trustees of Shawneetown, 14 Ill. 20; Mix v. Singleton, 86 Ill. 194.

A reduction of the rate of interest discharges the surety. It terminates the original contract and substitutes a new one to which the surety is not a party. Bethune v. Dozier, 10 Ga. 235; Mackay v. Dodge, 5 Ala. 388; Miller v. Stewart, 4 Wash. C. C. 26; see also Field v. Brokaw, 148 Ill. 654 (page 671).

A money consideration for the extension of time is not necessary. One promise is a sufficient consideration for another. Cooke v. Murphy, 70 Ill. 96; Pool v. Docker, 92 Ill. 501; Thayer v. Allison, 109 Ill. 180.

The change of contract being established, the burden of proving the surety had full knowledge of the acts which released him as surety is upon the creditor. Gamage v. Hutchins, 23 Me. 565; Dixon Nat. Bank v. Spielmann, 35 Ill. App. 184.

HAMILTON & HAMILTON, attorneys for appellee John N. English, adm'r.

In order to effect a release of the sureties, there must be shown to have been an agreement between the principal maker and the payee in the note, that the time of payment should be extended after maturity for a definite time, and that the principal maker should keep the money during this definite time and pay the interest. Reynolds v. Barnard, 36 Ill. App. 222; Dodgson v. Henderson, 113 Ill. 364; Crossman v. Wohlleben, 90 Ill. 537.

It is essential that both parties shall be bound by the contract of extension, otherwise there is no consideration for the agreement of the creditor to extend the time. A

mere promise made by a creditor to indulge the debtor for
a given length of time, upon the payment of interest, does
not bind him to such extension, because the payment of
interest is already secured by the terms of the original note
for any delay that may occur from any indulgence that
might be given; and unless the debtor is also bound by the
contract to retain the money for a given length of time,
and to pay the interest for that period whether he retains
the money that length of time or not, such promise by the
creditor lacks consideration, and is not binding upon either,
party.   Crossman v. Wohlleben, 90 Ill. 542.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF
THE COURT.

The only testimony heard upon the question of whether
time of payment of the note was extended by the payee
was that of the principal debtor, Wm. F. Sandidge, who
was made a defendant to the bill.

He testified that he applied to Cooper when the note
became due for an extension of a year, and that Cooper
extended it, and that for several years, just before the
year's interest would fall due, he would pay the interest
and request another year's extension, which Cooper always
granted.   He testified that in 1891 he paid him the interest
and part of the principal, saying that he could pay half
the principal if he wished it; to which Cooper replied that
he did not need the money, that he would want to loan it
again if paid, that he did not know where he could loan it,
that he would just as soon Sandidge should retain it, and
that the interest from that time on would be seven per cent.

In a case of this kind, in order to effect a release of a
surety, it must be shown that the principal maker and the
payee in the note agreed that the time of payment should
be extended to a definite time beyond maturity and that
the agreement was such as would preclude a suit before
that time.

It is contended that there was no sufficient evidence to
warrant the conclusion that Cooper agreed to the one

Landon v. English.

year's extension; that while Sandidge made the application for it, Cooper used no language to show that he gave it, and that the situation at all times after maturity was such that Cooper could have recovered judgment upon the note, and Sandidge could have discharged the debt and canceled the obligation by payment of the principal and accrued interest.

We labor under some embarrassment in not having Cooper's exact words made in reply to Sandidge's application for an extension. The witness was doubtless hampered by the court sustaining an objection to the question, " What length of time did he say he could keep it?"

It is clear, however, that Sandidge's application was for an extension to a definite time, and that Cooper did not by act or word indicate an unwillingness to grant it. Indeed, his conduct was such as to justify the conclusion that he had granted it. Under the arrangement and agreement in force from year to year, the situation was not such prior to September, 1892, that suit could have been maintained upon the note.

It is contended that there is a failure of proof that the extension was without the knowledge or consent of appellants. The best proof of that fact, were all the parties living, would be the testimony of the appellants, of course. They are rendered incompetent as witnesses by the death of Cooper.

There is no proof tending to show that they consented to the extension or had any knowledge of it. Sandidge testified that they had no information of it, as far as he knew. We think the proof on that point was as fully made as the circumstances would permit and was sufficient to support a finding that the extension was made without their knowledge or consent.

We think the court erred in finding for appellees and in dismissing the bill.

The decree will be reversed, with directions to the Circuit Court to grant the relief prayed for, and perpetually enjoin the prosecution of a suit on the note against appellants.

Reversed and remanded with directions.